*Department Stores Co.*, 16 Ct. Cust. Appls. 353, T.D. 43090. The general appearance of these automobile models shows that the articles are obviously novelties and that they are designed for display purposes. They are so light in construction as to be entirely impractical for use as playthings for children.

The probative value of testimony, of the kind adduced herein by plaintiff, was stated in *Klipstein* v. *United States*, 1 Ct. Cust. Appls. 122, T.D. 31120, wherein our appellate court stated as follows:

\* \* \* Importers and merchants are naturally desirous of increasing the number of their customers and the demand for the goods in which they deal, and as they have every incentive for knowing the uses to which their wares are or may be put it is only fair to assume, at least *prima facie*, that the only uses known to them are the only uses of such wares. \* \* \*

The case of *B. Shackman & Co. et al.* v. *United States*, 28 Cust. Ct. 298, C.D. 1426, cited by defendant, is distinguishable. There, the issue was whether certain chinaware miniature tea sets were properly classifiable as decorated chinaware, as assessed by the collector, or as toys, as claimed by the importer. Record evidence therein established that "the miniature tea sets in question are used chiefly for the amusement of children at their play or in their doll houses." No comparable factual foundation is before us in this case.

The presumption of correctness that attaches to the collector's classification and upon which defendant was entitled to rely until plaintiff has made out a *prima facie* case has been overcome. The presumption is not evidence and may not be weighed against the evidence produced at the trial. *Marshall Field & Co.* v. *United States*, 20 C.C.P.A. (Customs) 225, T.D. 46037. The burden of going forward shifted to the defendant. *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82, T.D. 34128. Defendant offered no evidence of any kind and made no attempt to dispute plaintiff's positive proof.

Plaintiff's evidence, as hereinabove discussed, is sufficient to remove the merchandise under consideration from the provision in paragraph 1513 of the Tariff Act of 1930, as amended, for toys, not specially provided for, as assessed by the collector. Since it is conceded that the articles in question, as hereinabove identified, are in chief value of lead and valued over 13⅓ cents per pound and that they are not plated with platinum, gold, or silver, nor covered with gold lacquer, they are, therefore, properly classifiable under the provision for articles of lead, not specially provided for, in paragraph 397, as modified, and dutiable thereunder at 1½ cents per pound but not less than 11¼ per centum ad valorem nor more than 22½ per centum ad valorem, as claimed by plaintiff, and we so hold.

To the extent indicated, the protests are sustained, and judgment will be rendered accordingly.

**No. 66107.**—Shell Oil Company, Inc. *v.* United States, protest 59/29641 (San Francisco).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of cutback asphalt the same in all material respects as that the subject of *American Bitumuls & Asphalt Co.* v. *United States* (45 Cust. Ct. 1, C.D. 2188), the claim of the plaintiff was sustained.

**No. 66108.**—American Bitumuls & Asphalt Co. *v.* United States, protests 61/28, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of cutback asphalt the same in all material respects as that the subject of *American Bitumuls & Asphalt Co.* v. *United States* (45 Cust. Ct. 1, C.D. 2188), the claim of the plaintiff was sustained.

**No. 66109.**—Paul E. Sernau, Inc. *v.* United States, protests 58/24286, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of plastic back scratchers the same in all material respects as those the subject of *Ignaz Strauss & Co., Inc., et al.* v. *United States* (45 Cust. Ct. 161, C.D. 2218), the claim of the plaintiff was sustained.

**No. 66110.**—Chas. R. Gracie & Sons, Inc. *v.* United States, protests 60/328, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of Shoji panels similar in all material respects to those the subject of *United Enterprises et al.* v. *United States* (41 Cust. Ct. 73, C.D. 2023), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 2, 1961

No. 66111.—Border Brokerage Company et al. *v.* United States, protests 262058–K, etc. (Seattle).

Opinion by FORD, J. In accordance with stipulation of counsel that the items marked "A" consist of nylon gill nets similar in all material respects to those involved in Abstract 63947, the merchandise was held dutiable at 25 percent ad valorem under the provision in paragraph 1006, as modified by the General